UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cr-20007-SLD-EIL |
| | ) | |
| SAMUEL YARBER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Before the Court are Defendant Samuel Yarber's pro se motion for compassionate

release, ECF No. 85, counseled Amended Motion for Compassionate Release, ECF No. 88, and

pro se supplements, ECF Nos. 90, 91, 93, which were filed as motions.  For the reasons that

follow, the motions for compassionate release are DENIED, and the pro se supplements are

STRICKEN because Defendant is represented by counsel.

**BACKGROUND**

On February 23, 2018, Defendant was sentenced to 420 total months of imprisonment:

120 months for unlawful possession of crack with intent to distribute and possession of a firearm

by a felon and 300 months for possession of a firearm in furtherance of a drug crime, to be run

consecutively.  *See* Judgment 1–2, ECF No. 67.  He is currently serving his sentence at Federal

Medical Center Rochester in Rochester, Minnesota and is scheduled to be released October 11,

2046.  *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/

(search for Samuel Yarber) (last visited Jan. 13, 2021).  In light of the ongoing COVID-19

pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18

U.S.C. § 3582(c)(1)(A).  The Court appointed counsel to represent Defendant with respect to this

motion.  *See* Sept. 17, 2020 Text Order.  An amended motion was filed by counsel on September

25, 2020.  The United States opposes Defendant's request for compassionate release.  Resp.,

ECF No. 89.

## DISCUSSION

### I.    Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a

final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C.

§ 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment
> . . . after considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that (i) extraordinary and compelling reasons warrant
> such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing

Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a

sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf.*

*United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal

and presumptive access to proof on a given issue normally has the burden of proof as to that

issue.").

### II.    Analysis

Defendant argues that there are extraordinary and compelling reasons to release him,

namely the COVID-19 pandemic and his chronic health conditions (obesity, congestive heart

failure, hypertension, and sleep apnea) and race (black), which he argues increase his risk for

serious illness or death from COVID-19.[1]  Am. Mot. Compassionate Release 5–22.  The United States argues that the Court should deny Defendant's motion because a "90% . . . sentence reduction should not be granted for a recidivist federal firearms offender and drug trafficker because his early release would present a danger to the safety of the community" and release is unwarranted considering the § 3553(a) factors.  Resp. 1.[2]

The Court finds that a defendant establishes an extraordinary and compelling reason for release if he has an underlying condition that puts him at risk for serious illness or death should he contract COVID-19, *see, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020), and further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary and compelling reasons, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *see* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").  And here, Defendant undisputedly suffers from at least one condition that the Centers for Disease Control and Prevention ("CDC") recognize as increasing his risk for severe illness from COVID-19.  *See* People with Certain Medical Conditions, CDC,

---

[1] Defendant's pro se supplements suggest he has tested positive for COVID-19 already.  Because it is not clear whether individuals who have been infected with COVID-19 gain immunity from future infections, the Court will presume Defendant could become re-infected.

[2] Because the United States does not contend Defendant has failed to exhaust his administrative remedies, the Court need not address the exhaustion requirement.  *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citation omitted)).

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (obesity, heart disease[3]).[4]

The Court's decision, then, comes down to whether releasing Defendant would be warranted considering the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

The Court finds, after consideration of the § 3553(a) factors, that releasing Defendant is unwarranted. Defendant dealt crack cocaine for approximately six months (ending in December 2016 when he was arrested) in the Champaign, Illinois area. Revised Presentence Investigation Report ("PSR") ¶¶ 8, 16–17, ECF No. 65. Police found crack cocaine, heroin, and three loaded guns at Defendant's residences when executing a search warrant. *Id.* ¶¶ 10–13, 15. One of the guns had been stolen. *Id.* ¶ 18. Defendant told officers he had traded crack cocaine for the guns. *Id.* ¶ 16. And this was not Defendant's first conviction involving guns or drugs. He had two prior convictions for unlawful use of weapons, *id.* ¶¶ 47, 50; two convictions for unlawful possession of controlled substances, *id.* ¶¶ 48, 49; and, most concerningly, a prior federal conviction for possession of crack cocaine with intent to distribute and possession of a firearm in

---

[3] Defendant argues he has congestive heart failure, Am. Mot. Compassionate Release 9; the United States contends he is currently being treated for cardiomyopathy, Resp. 16. The CDC recognize both as conditions which increase an individual's risk for serious illness from COVID-19, *see* People with Certain Medical Conditions, *supra*, so the Court finds it unnecessary to resolve the apparent dispute.

[4] Because the Court finds Defendant's health conditions constitute an extraordinary and compelling reason for release, it need not address Defendant's contention that his race also constitutes an extraordinary and compelling reason for release.

furtherance of a drug crime, *id.* ¶ 52.  Defendant's federal supervised release was revoked

because he possessed and used an opiate and delivered heroin to a confidential source.  *Id.* ¶ 52.

He was sentenced to fourteen months of imprisonment and was released from custody in July

2015.  *Id.*  By his own admission, he began selling drugs again within a year.  *Id.* ¶ 16.

The Court commends Defendant for participating in programming and working as a

suicide watch observer and inmate health companion while in BOP custody.  *See* Am. Mot.

Compassionate Release 5.[5]  But the seriousness of this offense and Defendant's criminal

history—along with the fact that the Court's 420-month sentence already accounted for

Defendant's age and medical condition, Sentencing Hr'g Tr. 51:18–21, ECF No. 80—weigh

against granting this motion.

Defendant has served approximately four years of his thirty-five-year sentence.  Even

considering good time credit, he is not scheduled to be released for another twenty-five years.

Releasing Defendant from incarceration now would undermine the seriousness of the offense,

the need to provide deterrence, the need to protect the public, the need to promote respect for the

law, and the need to provide just punishment.  The Court therefore denies Defendant's request

for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, Defendant Samuel Yarber's pro se motion for compassionate release, ECF

No. 85, and counseled Amended Motion for Compassionate Release, ECF No. 88, are DENIED.

Defendant's pro se supplements, ECF Nos. 90, 91, 93, which were filed as motions, are

STRICKEN because Defendant is represented by counsel.  *See United States v. Gwiazdzinski*,

---

[5] The parties dispute whether Defendant has had disciplinary infractions while in BOP custody.  Defendant contends he has had none, Am. Mot. Compassionate Release 5, whereas the United States contends he has had a few, Resp. 19.  Whether Defendant has had disciplinary infractions would not change the Court's conclusion that release is unwarranted under the § 3553(a) factors.

141 F.3d 784, 787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a pro se brief when represented by counsel.").

Entered this 13th day of January, 2021.

s/ Sara Darrow

SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE