UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) ) ) |
| v. | ) ) Case No. 2:17-cr-20007-SLD-EIL |
| SAMUEL J. YARBER, | ) ) ) |
| Defendant-Petitioner. | ) ) |

ORDER

Before the Court are Defendant-Petitioner Samuel J. Yarber's motion for an extension of time to file a motion under 28 U.S.C. § 2255, ECF No. 84; *pro se* Motion to Vacate, Set Aside, or Correct Pursuant to 18 U.S.C. § 2255 ("Pro Se 2255 Motion"), ECF No. 95;[1] counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Counseled 2255 Motion"), ECF No. 96; and counseled motion for a status conference, ECF No. 98. For the reasons that follow, the motion for a status conference is MOOT, and the remaining motions are DENIED.

BACKGROUND

In January 2017, a grand jury returned a three-count indictment against Yarber, charging him with: possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One); possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). Indictment 1–2, ECF No. 12. Yarber was represented by the Federal Public Defender's office ("FPD"). *See* Dec. 14, 2016 Min. Entry. Yarber pleaded

---

[1] Presumably 18 U.S.C. § 2255 is a typographical error. The Court uses the page numbers generated by CM/ECF for the Pro Se 2255 Motion because it is not consistently paginated. To the extent this motion also asks for compassionate release under 18 U.S.C. § 3582(c)(1)(A), *see* Pro Se 2255 Mot. 9, that request is denied. Compassionate release has its own set of procedures and requirements, and the Court will not consider a reference to compassionate release embedded within a § 2255 motion as a motion for compassionate release.

guilty to Counts One and Three but elected to go to trial on Count Two. *See* Sept. 20, 2017 Min. Entry; R&R Concerning Plea of Guilty, ECF No. 32; Order Approving Magistrate Judge Recommendation, ECF No. 36. A jury found Yarber guilty of Count Two. Verdict, ECF No. 54. On February 23, 2018, U.S. District Judge Colin Bruce, who was then presiding over the case, sentenced Yarber to 420 months of imprisonment total: 120 months on Counts One and Three to be run concurrently and 300 months (the mandatory minimum 25 years) on Count Two to be run consecutively to the sentence on Counts One and Three. Sentencing Hr'g Tr. 53:1–9, ECF No. 80. Yarber appealed, Not. Appeal, ECF No. 70, and the Seventh Circuit affirmed his conviction and sentence on February 13, 2019, *United States v. Yarber*, 915 F.3d 1103 (7th Cir. 2019). He sought review in the Supreme Court, but his petition for a writ of certiorari was denied on October 7, 2019. *See Yarber v. United States*, 140 S. Ct. 126 (Mem.) (2019).

In late 2019, Yarber filed a letter with the Court seeking assistance resolving an issue with the FPD. Letter to Clerk of Court, ECF No. 82. He attached exhibits referencing *ex parte* communications between Judge Bruce and the United States Attorney's Office for the Central District of Illinois ("USAO") that came to light in 2018. *See* Exhibits, ECF No. 82-1. Judge Bruce recused himself from Yarber's case, Dec. 20, 2019 Text Order of Recusal, and the case was reassigned to this Court, Dec. 20, 2019 Text Only Order Reassigning Case.

Yarber filed the pending motion for extension of time to file a § 2255 motion in August 2020, and then filed his Pro Se 2255 Motion in January 2021. In the Pro Se 2255 Motion, Yarber argues that his attorney was ineffective for failing to file a motion to remove Judge Bruce from his case on the basis that Judge Bruce had prosecuted Yarber while an Assistant United States Attorney and for incorrectly advising Yarber to go to trial because he would win on appeal. Pro Se 2255 Mot. 2–4, 9. He also argues that he should get a new trial because Judge

2

Bruce was biased in favor of the Government; that the Government committed misconduct; that Judge Bruce should have recused himself under 28 U.S.C. § 455(a) based on an appearance of partiality; and that his attorney should have raised Judge Bruce's bias on appeal and asked for a resentencing. *Id.* at 2, 4–7. The latter arguments are based on Judge Bruce's *ex parte* communications with the USAO. *See id.* at 2. The Court appointed counsel to represent Yarber, Feb. 2, 2021 Text Order, and counsel filed the Counseled 2255 Motion "which is intended to supplement" the Pro Se 2255 Motion, Counseled 2255 Mot. 1. The Counseled 2255 Motion raises the following claims: a claim that Yarber's "due process rights were violated because Judge Bruce was actually bias[ed] against him"; a claim that "Judge Bruce's conduct created the appearance of bias" requiring recusal under § 455(a); a claim that appellate counsel was ineffective for failing to raise a claim based on the *ex parte* communications on direct appeal; and claims that the FPD was ineffective in failing to secure tolling agreements. *Id.* at 12, 22–24.

The Government argues that Yarber's claims are untimely, that his § 455(a) claim is not cognizable under 28 U.S.C. § 2255, and that Yarber's claims should be denied on the merits. *See* Resp. 1, ECF No. 97. Yarber did not file a reply but later filed the motion requesting a status conference. Mot. Status Conference 1.

## DISCUSSION

### I.  Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, such relief "is available only when the 'sentence was imposed in

3

violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

A federal prisoner seeking to vacate his sentence under § 2255 has one year to do so, from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II. Analysis

The Court finds that Yarber's claims are untimely and declines to address them on the merits.

### A. Statute of Limitations

"[T]he timeliness of each claim asserted in . . . a section 2255 motion . . . must be considered independently." *Davis v. United States*, 817 F.3d 319, 328 (7th Cir. 2016) (footnote omitted). Yarber's conviction became final on October 7, 2019, when the Supreme Court denied his petition for a writ of certiorari. *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) ("For defendants who try unsuccessfully to take their case to the Supreme Court, their

4

judgments of conviction become final on the date their petitions for certiorari are denied."). Thus, the statute of limitations under § 2255(f)(1) expired on October 7, 2020.

Most of Yarber's claims arise from facts that were available to him before his judgment became final on October 7, 2019, so for most of his claims, October 7, 2020, was the deadline to file.[2]  For example, his claims of ineffective assistance at the trial level are based on facts he knew while his case was pending before the district court.  Additionally, the *ex parte* communications Yarber relies upon for his due process, § 455(a), and Government misconduct claims became public in August 2018.  *See, e.g., United States v. Atwood*, 941 F.3d 883, 884–85 (7th Cir. 2019) (noting that "[i]n August 2018, a newspaper exposed that Judge Bruce had continued to communicate ex parte with his former colleagues in the [USAO]").  And the record shows that Yarber became aware of them at least in November 2018.  *See* Letter to Clerk of Court 1 (stating that he received correspondence from Federal Public Defender Tom Patton in November 2018); Nov. 26, 2018 Letter from Patton, Letter to Clerk of Court Ex., ECF No. 82-1 at 1–2 (informing Yarber that Judge Bruce had engaged in *ex parte* communications with the USAO and indicating that this could show a violation of Yarber's due process rights).  Because these claims are not based on facts that postdate October 7, 2019, § 2255(f)(4) does not create a later deadline than one year from the date the judgment became final.

As noted by the Government, *see* Resp. 8, Yarber's ineffective assistance of appellate counsel claim for failure to raise a claim based on Judge Bruce's emails on appeal rests on an affidavit from Elisabeth Pollock dated November 19, 2019.  *See* Pollock Aff., Pro Se 2255 Mot.

---

[2] It is not clear when the facts underlying Yarber's claim that the FPD was ineffective for failing to secure a tolling agreement for Yarber's § 2255 motion could have been discovered.  *See* Counseled 2255 Mot. 23–24 (providing no details).  In any case, that claim is meritless.  A criminal defendant has no right to counsel beyond his direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991) ("[A] criminal defendant has no right to counsel beyond his first appeal . . . ."); *cf. Garza v. Idaho*, 139 S. Ct. 738, 749 (2019) ("There is no right to counsel in postconviction proceedings . . . ." (citation omitted)).  Any deficient performance with respect to securing a postconviction tolling agreement does not create a Sixth Amendment violation.

Ex., ECF No. 95 at 10. The record demonstrates that Yarber was aware of this affidavit at least as of December 13, 2019. *See* Letter to Clerk of Court 1 (referencing the affidavit in a letter to the Clerk of Court dated December 13, 2019). If § 2255(f)(4) applies to this claim, the deadline to file was, at the latest, December 13, 2020.

Yarber's Pro Se 2255 Motion was filed in January 2021, past both statutory deadlines.

### B. Equitable Tolling

The time limits set forth in § 2255(f) are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the statute of limitations for § 2254 motions are subject to equitable tolling); *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017) (applying the equitable tolling doctrine to a motion under § 2255). Contrary to the Government's assertion, *see* Resp. 8–9, Yarber does invoke equitable tolling in his *pro se* filings, although his Counseled 2255 Motion does not address timeliness. He argues in his Pro Se 2255 Motion that his institution had been on COVID-19 lockdown "since March 13th, 2020" and that he had not had access to the law library or typewriters. Pro Se 2255 Mot. 3. His motion for extension of time to file a § 2255 motion rests on the same basis. *See* Mot. Extension Time 1–2. The Court construes Yarber's Pro Se 2255 Motion and his motion for extension of time to file a § 2255 motion as requesting equitable tolling of the statutory deadline. *See Socha v. Pollard*, 621 F.3d 667, 670–72 (7th Cir. 2010) (noting that "extend[ing] a strict, statutorily mandated filing deadline . . . [is] beyond the district court's power" but holding that "accepting a filing after the limitations period has run is not beyond the power of the district court" if the filing "can meet the standards for equitable tolling that the [Supreme] Court described in *Holland*").

A petitioner is entitled to equitable tolling if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

6

prevented timely filing." *Holland*, 560 U.S. at 649 (quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Marcello*, 212 F.3d at 1010. "A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling." *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018).

In the alternative to its argument that Yarber had not asked for equitable tolling, the Government argues that equitable tolling does not apply in these circumstances because "[n]o [extraordinary circumstances beyond Yarber's control] prevented [him] from timely filing his Section 2255 motion." Resp. 8–9. "To the contrary," the Government argues, Yarber "was able to file numerous motions with the Court during the same period that his Section 2255 motion would have been timely." *Id.* at 9. As Yarber did not file a reply, he offered no response to the Government's argument.

The Court finds that Yarber has not met his burden of establishing both elements of the *Holland* test. His argument is that the COVID-19 pandemic and the resulting lack of access to the law library in his institution prevented him from timely filing his Pro Se 2255 Motion. *See* Pro Se 2255 Mot. 3; Mot. Extension Time 1–2. But many inmates faced barriers to legal research during the COVID-19 pandemic. *See Sloan v. United States*, No. 18-cr-40051, 2021 WL 6102164, at *3 (C.D. Ill. Dec. 23, 2021). Courts have denied equitable tolling based on the COVID-19 pandemic and resulting limitations on law library access where the litigant fails to demonstrate how those limitations prevented him from timely filing his motion. *See, e.g.*, *United States v. Williams*, No. 21 C 4025 (No. 17 CR 446), 2022 WL 2208855, at *3 (N.D. Ill. June 21, 2022) (citing cases). The Court has before it no specific facts showing that Yarber was unable to

7

file a timely motion because of the COVID-19 pandemic.[3] To the contrary, the record shows that Yarber filed numerous motions and letters with the Court between March 2020 and January 2021, albeit without many legal citations. *See* Mot. Extension of Time; Mot. Compassionate Release, ECF No. 85; Pro Se Suppls. Compassionate Release, ECF Nos. 90–93.[4] This shows that he was not prevented from filing motions with the Court. *See Williams*, 2022 WL 2208855, at *3 ("[The petitioner's] extensive compassionate release litigation while the § 2255 statute of limitations period was running shows there were no limits on his ability to pursue a timely § 2255 case."); *cf. Sloan*, 2021 WL 6102164, at *3 (noting that "at no time during this pandemic have litigants been unable to file pleadings with the Court").

Ultimately, it is the § 2255 petitioner's burden to prove that the *Holland* test is met. But the Court was not presented with a specific explanation of how COVID-19 lockdowns prevented Yarber from filing his § 2255 motion in a timely fashion. *See United States v. Reeves*, No. 14-cv-1588, 2022 WL 17832713, at *7 (N.D. Ill. Dec. 21, 2022) ("Reeves does not explain with any specificity how the disruptions caused by the pandemic interfered with his ability to communicate with [his attorney] or pursue his claims."); *Mayberry*, 904 F.3d at 531 ("Given the lack of any specific evidence as to particular hurdles Mayberry encountered in timely pursuing his claim, it was not an abuse of the district court's discretion to conclude that Mayberry's evidence of reasonable diligence lacked the specificity necessary to entitle him to equitable tolling.").

---

[3] Yarber submitted a cover letter with his Pro Se 2255 Motion stating that while his facility was still on lockdown, he was able to use the computer, though there were 75 inmates attempting to use the same computer. Cover Letter 1, ECF No. 95-2. This was neither submitted in the form of an affidavit or a declaration nor does it include specific facts such as when this computer access began.

[4] These letters state that Yarber was in isolation after contracting COVID-19, but again, the Court has before it no specific facts showing when or for how long.

### III.   Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. Where the "court denies a habeas [claim] . . . on procedural grounds without reaching the prisoner's underlying constitutional claim," the court may grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court's procedural ruling is not debatable, so the Court denies a certificate of appealability.

### CONCLUSION

Accordingly, Defendant-Petitioner Samuel J. Yarber's motion for an extension of time to file a motion under 28 U.S.C. § 2255, ECF No. 84, is DENIED. His *pro se* Motion to Vacate, Set Aside, or Correct Pursuant to 18 U.S.C. § 2255, ECF No. 95, and counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 96, are also DENIED. His motion for a status conference, ECF No. 98, is MOOT considering this ruling. The Clerk is directed to enter judgment on the § 2255 motions and close the accompanying civil case, No. 2:21-cv-02016-SLD.

Entered this 5th day of March, 2024.

> s/ Sara Darrow
> SARA DARROW
> CHIEF UNITED STATES DISTRICT JUDGE